**Affirmed and Memorandum Opinion filed May 16, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00241-CV

## DERRICK TURNER D/B/A NO LIMIT TRANSPORTATION, Appellant

## V.

## PACKAGE EXPRESS, L.P., Appellee

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-01789**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a final judgment confirming an arbitration award against appellant, Derrick Turner d/b/a no Limit Transportation, and in favor of appellee, Package Express, L.P. Turner argues that the trial court erred in confirming the award because the arbitration clause was unconscionable and the arbitrator made gross mistakes. Finding no error, we affirm.

BACKGROUND

On August 3, 2006, Turner and Package Express executed an agreement entitled "Delivery Service Agreement for Independent Contractor" ("2006 Agreement"). In the 2006 Agreement, Turner was designated as the "Contractor" and he agreed to provide delivery services as an independent contractor in exchange for a percentage of the commissionable fees charged, minus various designated operating expenses. The parties also agreed that "any disputes under this Agreement will be submitted to arbitration by the American Arbitration Association, and the parties agree that the arbitrator's decision shall be binding, conclusive, and non-appealable." With respect to the costs and fees for any arbitration that might become necessary, the parties specified that "Contractor agrees to pay for all costs of such arbitration, including arbitrator's fees."

The 2006 Agreement was the first of three agreements between Turner and Package Express regarding Turner's provision of delivery services to Package Express. The second agreement was signed on September 14, 2009 ("September 2009 Agreement"). The parties agreed that the September 2009 Agreement was "the entire agreement and understanding" between Package Express and Turner and it superceded all prior agreements and understandings between the parties. Turner and Package Express once again agreed to submit all disputes to binding arbitration by the American Arbitration Association and Turner agreed "to pay for all costs of such arbitration, including arbitrator's fees."

The parties signed the third agreement on December 9, 2009 ("December 2009 Agreement"). As they did in the September 2009 Agreement before it, the parties agreed that the December 2009 Agreement replaced all prior agreements and understandings and constituted the entire agreement between them. The December 2009 Agreement contains a new arbitration clause, however, which

2

provides that:

> [A]ll claims, disputes or controversies arising out of, in connection with or in relation to this agreement or the service provided, including any and all issues of arbitrability of any such claim, dispute or controversy, and regardless of whether any such claim, dispute or controversy is based or claimed to be based in whole or in part on a claim by either Party of breach of this agreement by the other party shall be decided by resort to arbitration utilizing a single arbitrator, administered by the American Arbitration Association in accordance with the Commercial Rules. The arbitration shall be held in Houston, Texas. The decision of the arbitrator shall be final, binding and enforceable in any court of competent jurisdiction and the Parties agree that there shall be no appeal from the arbitrator's decision. . . . The arbitrator shall have the power to award attorney fees, costs and expenses to the prevailing party in any such arbitration proceeding.

Eventually a dispute arose between the parties because Turner came to believe that Package Express had breached both the 2006 Agreement and the September 2009 Agreement by intentionally (1) paying Turner less than the contractually required percentage of commissionable fees charged; and (2) inflating the amount of expenses and fees he owed. When the dispute was not resolved to Turner's satisfaction, he initiated a lawsuit in January 2010 asserting breach of contract and other causes of action against Package Express.

Once served with Turner's lawsuit, Package Express filed a motion to compel arbitration. In the motion to compel arbitration, Package Express pointed out the existence of the various arbitration clauses and argued that all of Turner's causes of action fell within the scope of each. Turner did not file any opposition to Package Express's motion to compel arbitration. The trial court granted Package Express's motion and ordered that if Turner wished "to pursue the claims he raises in this litigation or any other dispute arising under the Delivery Service Agreements he signed on December 9, 2009, September 14, 2009 and August 6,

3

2006, he shall submit those claims to arbitration by the American Arbitration Association."

Turner then initiated an arbitration case against James Walker, Larry Wilson, and Package Express. In that arbitration, on March 31, 2011, Turner filed his "Plaintiff's Objection to Arbitration" in which he asked the arbitrator to declare all three contracts, in their entirety, to be invalid because they had been procured by fraud, lacked consideration, and were unconscionable.

Turner later filed his "Specification of Claims" in the arbitration. Turner asserted claims for breach of contract, fraud and fraudulent inducement, violations of the Texas Theft Liability Act, quantum meruit, and unjust enrichment. Turner also alleged that Package Express was liable for employee James Walker's alleged extortion of money from Turner under theories of respondeat superior and ratification.[1] Finally, Turner sought to recover his attorney's fees incurred as a result of the arbitration. Package Express and Walker disputed Turner's claims. They asserted that Turner had been paid in accordance with the terms of the contract in place at the time, contended that the contracts allowed the deduction of specified expenses from Turner's pay, and denied that Walker had extorted money from Turner.

The arbitration hearing occurred on June 30, 2011. According to the arbitration award, the parties presented evidence during the hearing, including the testimony of four witnesses: Turner, Larry Wilson, Dina Mattson, and Walker.[2] The parties also submitted post-hearing briefing and agreed that the issue of attorney's fees would be decided after the hearing by the submission of affidavits.

---

[1] Turner alleged that James Walker approached him soon after the 2006 Agreement was signed and told Turner that if he wanted to keep his contract with Package Express, Turner had to pay him $500.00 per week for one year.

[2] There is no transcript of the arbitration hearing in the appellate record.

4

The arbitrator issued his ruling on September 12, 2011. In his ruling, the arbitrator rejected Turner's request that he dismiss all claims without prejudice. The arbitrator then ruled that (1) Turner "should take nothing against Package Express;" (2) attorney's fees, costs, and expenses would be borne by the party incurring them; and (3) Turner would pay the American Arbitration Association's administrative fees and expenses totaling $1,425.00 and the arbitrator's compensation of $1,000.00.

Package Express moved to confirm the arbitration award in the original trial court. The following day, Turner filed his First Amended Motion for New Trial. In that amended motion, Turner challenged "the arbitration based on the fact that the employment contract and its arbitration clause were procured by fraud." Turner also asserted that the "arbitration clause is unenforceable because it is unconscionable and [he] had no idea what those rules were." Finally, Turner asserted that the "contract and the arbitration clause were procured by misrepresentation."[3]

Turner also filed a response to Package Express's motion to confirm the arbitration award. In his response, Turner recognized that judicial review of the arbitration process is severely limited. Despite that recognition, Turner argued the trial court should vacate the arbitration award for four reasons: (1) there was no enforceable agreement to arbitrate; (2) "the issue was not adversely determined in proceedings to compel arbitration"; (3) he objected at the arbitration hearing; and (4) he asserted he did not receive proper notice of the hearing on the motion to compel arbitration.

---

[3] Turner initially filed a motion for new trial on October 11, 2011. However, since he filed an amended motion for new trial prior to the trial court's final judgment, we need not consider the contents of the original motion. *See Union Carbide Corp. v. Burton*, 618 S.W.2d 410, 416 (Tex. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

The trial court confirmed the arbitration award and signed a final judgment on December 5, 2011. A week later, Turner filed his Third Amended Motion for New Trial.[4] In this final motion for new trial, Turner revisited Package Express's motion to compel arbitration filed more than a year earlier, asserting that a trial court "must determine whether a valid arbitration agreement exists, and then whether the agreement encompasses the claims raised." Turner then argued he was entitled to a new trial because (1) he was not given notice of the motion to compel arbitration hearing; (2) evidence of a valid arbitration agreement was not produced during the hearing; (3) the arbitration clause was invalid because it was signed under duress; (4) the arbitration clause was procured by fraudulent misrepresentation; (5) "the arbitration clause is unenforceable because it is unconscionable and [Turner] had no idea what those rules of arbitration were"; and (6) the arbitration clause is unenforceable since Package Express retained the right to unilaterally modify the arbitration agreement.

That same day, Turner also filed a motion to vacate the arbitration award. In addition to raising the same arguments he made in his response to Package Express's motion to confirm the arbitration award, Turner asserted the award should be vacated because (1) the arbitrator refused to postpone the hearing after Turner allegedly showed sufficient cause for the requested postponement; (2) the arbitrator refused to hear evidence material to the controversy; (3) the arbitrator conducted the arbitration hearing in a manner that substantially prejudiced his rights; and (4) the award violates public policy or the law. The trial court signed orders denying both motions, and this appeal followed.

## ANALYSIS

Turner brings two issues on appeal, both of which challenge the trial court's

---

[4] No second amended motion for new trial appears in the appellate record.

confirmation of the arbitration award. In his first issue, Turner contends the trial court erred when it confirmed the arbitration award because "the arbitration clause was unconscionable and thus unenforceable." In his second issue, Turner argues the trial court erred when it refused to vacate the arbitration award and grant a new trial "because the arbitrator made a gross mistake that implied bad faith and failure to exercise honest judgment." We address each issue in turn.

## I.  Applicable law and standard of review

None of the arbitration agreements specified whether the Federal Arbitration Act (FAA) or the Texas General Arbitration Act (TGAA) would govern in the event of a dispute. *See* 9 U.S.C. § 1, *et seq.*; Tex. Civ. Prac. & Rem. Code Ann. § 171.001, *et seq.* (West 2011). All of the contracts at issue do, however, contain identical choice-of-law clauses providing that the contracts "shall be construed and enforced in accordance with the laws of the state of Texas." In addition, both parties reference only the TGAA in their original briefs, and in his reply brief, Turner expressly states he "invokes only the Texas Arbitration Act and common law challenges to arbitration." Accordingly, we conclude this appeal is governed by the TGAA. *See Callahan & Assocs. v. Orangefield Indep. Sch. Dist.*, 92 S.W.3d 841, 844 (Tex. 2002) (applying TGAA to dispute between Texas school district and Texas architects when neither party disputed the applicability of the TGAA); *Ouzenne v. Haynes*, No. 01-10-00112-CV, 2012 WL 1249420, at *1 (Tex. App.—Houston [1st Dist.] April 12, 2012, no pet.) (mem. op.) (applying TGAA when parties agreed it governed dispute); *Aspri Invs., L.L.C. v. Aleef*, No. 04-10-00573-CV, 2011 WL 384987, at *3 (Tex. App.—San Antonio Aug. 31, 2011, pet. dism'd) (mem. op.) (holding TGAA governed parties' agreement when contract at issue contained Texas choice-of-law provision).

We review a trial court's judgment confirming an arbitration award de novo,

considering the entire record. *White v. Siemens*, 369 S.W.3d 911, 914 (Tex. App.—Dallas 2012, no pet.). Texas law clearly favors arbitration and as a result, judicial review is extraordinarily narrow. *E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010). An arbitration award has the same effect as a judgment of a court of last resort; accordingly, all reasonable presumptions are indulged in favor of the award. *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002). Even a mistake of fact or law by the arbitrator is not a proper ground for vacating an award. *Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 429 (Tex. App.—Dallas 2004, pet. denied). Under the TGAA, a reviewing court is authorized to confirm, vacate or modify an arbitration award, but the matters that can be reviewed are limited. *Las Palmas Med. Ctr. v. Moore*, 349 S.W.3d 57, 64 (Tex. App.—El Paso 2010, no pet.). A party seeking to vacate an arbitration award bears the burden of presenting a complete record that establishes grounds for a vacatur. *Amoco D.T. Co. v. Occidental Petroleum Corp.*, 343 S.W.3d 837, 841 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

## II. The trial court did not err in confirming the arbitration award over Turner's unconscionability objections.

In his first issue on appeal, Turner contends the trial court erred when it confirmed the arbitration award because the December 2009 Agreement is unconscionable for several reasons and therefore unenforceable. For example, Turner alleges the December 2009 Agreement's arbitration clause is unconscionable because Package Express changed it so that instead of Package Express being responsible for the payment of attorney's fees, costs, and expenses related to an arbitration proceeding, the arbitrator would now have the authority to award them to the prevailing party. According to Turner, this change would have a chilling effect on a decision by an independent contractor such as himself to pursue arbitration to vindicate his rights under the contract.

8

We reject this argument because it is based on a fundamental misreading of the three arbitration clauses in this case. Turner contends the change is unconscionable because Package Express agreed in both the 2006 Agreement and the August 2009 Agreement that it would pay all costs associated with any arbitration that might occur. Turner is incorrect. In both of the earlier agreements, Turner was designated as the "Contractor" while Package Express was identified as "PE." Both the 2006 arbitration clause and the September 2009 arbitration clause provide:

> Except for claims by PE under Paragraph 18 below,[5] any dispute under this Agreement will be submitted to arbitration by the American Arbitration Association, and the parties agree that the arbitrator's decision shall be binding, conclusive, and non-appealable. Contractor agrees to pay for all costs of such arbitration, including arbitrator's fees.

Under the plain language of both arbitration clauses, Turner, not Package Express, agreed to pay all costs associated with any arbitration. The December 2009 Agreement changed the arbitration clause to empower the arbitrator to award attorney's fees, costs, and expenses to the prevailing party—a provision more, not less, favorable to Turner. Moreover, Turner has not pointed to evidence that the $2,425.00 in arbitration fees and expenses he was ultimately ordered to pay were so high as to be unconscionable. *See In re Poly-America, L.P.*, 262 S.W.3d 337, 356–57 (Tex. 2008).

Next, Turner argues the arbitration clause is unconscionable because Package Express "forced [him] to sign another contract by intimidation and threatening to withhold my assigned routes until it was signed." Turner also asserts the clause is unconscionable because, in the December 2009 Agreement,

---

[5] Paragraph 18, which is not at issue here, addresses confidential information and provides for injunctive relief.

Package Express changed the sections addressing both the timing and the method of calculating his payments under the contract.

We conclude these contentions attack the unconscionability of the December 2009 Agreement as a whole, not the unconscionability of the arbitration clause specifically. As such, Turner was required to submit those challenges to the arbitrator. *In re LaBatt Food Serv., L.P.*, 279 S.W.3d 640, 647–48 (Tex. 2009). Turner did exactly that when he submitted his "Plaintiff's Objection to Arbitration" to the arbitrator. The arbitrator ruled against him on this issue, conducted the arbitration, and found in favor of Package Express. The trial court confirmed the arbitration award, and Tuner has presented nothing in his first issue that would authorize this court to vacate the arbitrator's decision regarding unconscionability. We overrule Turner's first issue.

## III. The trial court did not err in confirming the arbitration award over Turner's gross mistake objections.

In his second issue, Turner asserts the trial court also erred when it confirmed the arbitration award because he established common-law grounds for vacating it. Assuming without deciding that common-law grounds may still be used to vacate an arbitration award under the TGAA, the common law requires that the award be tainted with fraud, misconduct, or gross mistake that implies bad faith and failure to exercise honest judgment by the arbitrator. *Ewing v. Act Catastrophe-Texas, L.C.*, 375 S.W.3d 545, 550 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

Turner argues that the arbitrator made two separate gross mistakes. First, he contends the arbitrator's rejection of Turner's alleged request to continue the hearing to permit additional time for discovery violated not only section

10

171.088(a)(3)(B) of the Civil Practice and Remedies Code,[6] but also indicates the arbitrator failed to give honest consideration to Turner's claims and thus constitutes gross mistake. Second, Turner argues the arbitrator made a gross mistake in ordering Turner to reimburse James Walker $500.00.

Regarding the alleged denial of a continuance, there is no transcript of the arbitration hearing, and the clerk's record on appeal does not contain any written record indicating that Turner requested a continuance of the hearing or that the arbitrator refused it. Thus, the record also does not disclose what grounds (if any) Turner contended were sufficient cause for a postponement and what arguments Package Express made to the arbitrator in response.[7] We therefore hold Turner has not met his burden to present an adequate record on appeal for this Court to review his claim. *Amoco D.T. Co.*, 343 S.W.3d at 841.

Regarding the reimbursement, Turner argues it "strains credulity for the arbitrator to order Mr. Turner to reimburse Mr. Walker five hundred dollars for what, by [Package Express's] own admission, amounted to criminal acts." We disagree that, on this record, Turner has established the arbitrator committed a gross mistake.

Turner is incorrect when he states the arbitrator ordered him to reimburse Walker exclusively. Instead, the arbitration award provides:

> The administrative fees and expenses of the American Arbitration Association . . . totaling $1,425.00, and the compensation and expenses of the Arbitrator totaling $1,000.00 shall be borne by Turner. Therefore, Turner shall reimburse [Package Express]; James Walker the sum of $500.00, representing that portion of said fees and

---

[6] Civil Practice and Remedies Code section 171.088(a)(3)(B) provides that a court shall vacate an arbitration award if the arbitrator "refused to postpone the hearing after a showing of sufficient cause for the postponement."

[7] Turner posits some grounds in his reply brief, but he offers no record support for them.

11

expenses in excess of the apportioned costs previously incurred by [Package Express]; James Walker.

In his Specification of Claims filed with the arbitrator, Turner alleged that Walker, while acting in the course and scope of his employment with Package Express, extorted money from Turner. Yet Turner sought to hold Package Express, not Walker, liable for Walker's alleged wrongful conduct.[8] Also, the plain language of the award establishes that the arbitrator ordered Turner to reimburse the $500.00 to both Package Express and Walker, the victorious parties in the arbitration. The December 2009 Agreement authorized the arbitrator to award attorney's fees and arbitration costs and expenses to the prevailing party. Exercising that contractual authority does not constitute a gross mistake. *See Barton v. Fashion Glass and Mirror, Ltd.*, 321 S.W.3d 641, 646 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (stating that the arbitrator's power is derived from the agreement to arbitrate, and resolving the parties' dispute in an unexpected manner does not mean the arbitrator exceeded his authority).

Turner also asserts the arbitrator's decision constitutes a gross mistake because Package Express admitted Walker engaged in criminal conduct. Turner is again incorrect. Instead, the record shows that Package Express denied Turner's extortion allegations. In addition, the arbitration award states that Walker testified during the hearing. Because there is no transcript of the hearing, we must presume his testimony supports the arbitrator's decision. *See id.* at 645 n.2 ("Without a complete record of the arbitration proceedings, we presume adequate support for

---

[8] In the arbitration award, the arbitrator included the following sentence: "Turner has stated in his Closing Brief that he did not want to pursue any claims against Walker." Turner's Closing Brief in the arbitration proceeding is not included in the appellate record; therefore, we presume it supports the arbitrator's decision. *In re Chestnut Energy Partners, Inc.*, 300 S.W.3d 386, 401 (Tex. App.—Dallas 2009, pet. denied).

the arbitration award."); *CVN Grp., Inc.*, 95 S.W.3d at 238.

For these reasons, we hold Turner has not demonstrated that the arbitrator committed a gross mistake. Accordingly, we overrule his second issue on appeal.

## CONCLUSION

Having overruled Turner's issues on appeal, we affirm the trial court's final judgment confirming the arbitration award in favor of Package Express.

/s/    J. Brett Busby
        Justice

Panel consists of Chief Justice Hedges and Justices Brown and Busby.