Martin D. WHITE, Appellant,

v.

Vern SIEMENS, Appellee.

No. 05–10–01433–CV.

Court of Appeals of Texas, Dallas.

June 5, 2012.

---

J. Mitchell Little, Scheef & Stone, L.L.P., Frisco, TX, Eric C. Wood, Scheef & Stone, L.L.P., Dallas, TX, for Appellant.

Michael P. Lynn, Esq., Elizabeth Y. McElroy, Lynn Tillotson & Pinker, L.L.P., Dallas, TX, for Appellee.

Before Justices O'NEILL, MARTIN RICHTER, and FRANCIS.

## OPINION

Opinion by Justice MARTIN RICHTER.

The issues in this appeal center on the judicial confirmation of an arbitration award and the modification of such an award. Appellant Martin D. White (White) appeals the trial court's final judgment confirming an arbitration award in favor of appellee Vern Siemens (Siemens). In three issues, White asserts the trial court: (1) erred by modifying the arbitration award to dismiss a jointly and severally liable party from the judgment; (2) erred by modifying the arbitration award to omit an order for the return of limited partnership interests from the judgment; and (3) erred by refusing to modify the arbitration award to credit amounts already paid to Siemens. For the reasons stated below, we reverse the judgment of the trial court and render judgment confirming the arbitration award.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Siemens bought shares in various limited partnerships through thirteen subscription agreements. According to the subscription agreements, Mullins & White Exploration, Inc. (MWE) was the managing partner of the limited partner-

ships, and M & W Financial, Inc. (MWF) was the placement agent for each of the limited partnerships. Siemens brought claims against MWE, MWF, and their co-founders, Rick D. Mullins (Mullins) and White, alleging violations of the Texas Securities Act, and common law fraud. In accordance with the mandatory arbitration provisions in the subscription agreements, Siemens brought his claims before the American Arbitration Association. Because Siemens was a citizen of Canada, the American Arbitration Association transferred the arbitration to the International Centre for Dispute Resolution (ICDR).

Following a four-day arbitration hearing, the arbitration panel issued its Final Award of Arbitrators (the arbitration award) in favor of Siemens on July 14, 2010. Specifically, the arbitration panel awarded Siemens recission damages in the amount of $1,571,331, including pre-judgment interest, attorneys' fees, and expenses, against MWE, MWF, Mullins, and White, jointly and severally. The arbitration panel also awarded Siemens his administrative fees and expenses for the arbitration, totaling $65,522. The panel ordered that the above sums were to be paid within thirty days of the date of the award, and would bear interest at the rate of five percent per annum from the date thirty days after the date of the award until paid. Finally, the arbitration panel stated that upon payment of the award, all interests in the limited partnerships that were transferred to Siemens and were the subject of the arbitration would be rescinded and cancelled effective as of the date of the award.

On August 3, 2010, Siemens filed an application to confirm the arbitration award with the trial court. In Siemens's application, he alleged there were no grounds for vacating, modifying, or correcting the arbitration award, and asked the trial court to enter a final judgment in his favor confirming the arbitration award in its entirety. MWF, MWE, and Mullins filed a motion to modify or vacate the arbitration award, asserting the arbitration panel exceeded its powers by cancelling investment units in existing limited partnerships that were not parties to the arbitration. On September 22, 2010, Siemens entered into a settlement and forbearance agreement (the settlement agreement) with MWE, MWF, and Mullins (the settling parties). White was not a party to the settlement agreement.

According to the terms of the settlement agreement, the settling parties agreed to pay Siemens the full amount of the award on behalf of MWE, MWF, Mullins and White. The settling parties agreed to make an initial payment of $500,000 within three days of the date of the settlement agreement, and agreed to pay the remaining balance of the arbitration award in monthly installments of $42,500. Siemens and the settling parties agreed that the arbitration award in favor of Siemens would be allocated fifty percent to the settling parties and fifty percent to White. Additionally, Siemens agreed to release MWF, and upon payment of the initial payment of $500,000, agreed to look only to MWE, Mullins and White for payment of the remaining principal balance and interest. Siemens and the settling parties agreed to present the trial court with an agreed judgment and order confirming the arbitration award in accordance with the terms of their settlement agreement.

On October 13, 2010, White filed a motion to modify and response to Siemens's application to confirm the arbitration award, complaining that the settlement agreement and proposed agreed judgment significantly modified the arbitration award. On October 14, 2010, the trial court conducted a hearing on Siemens's

application to confirm the arbitration award. At the conclusion of the hearing, the trial court signed the judgment and order confirming the arbitration award proposed by Siemens and the settling parties. The trial court ordered that the arbitration award was confirmed and that Siemens had judgment against MWE, Mullins, and White, jointly and severally, as follows: (1) $1,571,331 as an award of rescission damages; (2) $65,522 as a return of arbitrator fees and expenses; and (3) simple interest at the rate of five percent per annum from August 13, 2010, until the judgment was paid in full. The judgment further ordered that all claims against MWF were dismissed with prejudice, the motion to modify or vacate filed by MWF, MWE, and Mullins was withdrawn, and the motion to modify or vacate filed by White was denied. The judgment stated that all other relief not expressly granted was denied. The judgment was silent with respect to Siemens's interests in the limited partnerships. This appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's decision to confirm an arbitration award de novo, based on the entire record. *See Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 826 (Tex. App.-Dallas 2009, no pet.); *see also Royce Homes, L.P. v. Bates*, 315 S.W.3d 77, 85 (Tex.App.-Houston [1st Dist.] 2010, no pet.). However, all reasonable presumptions are indulged to uphold the arbitrator's decision and none are indulged against it. *See Ancor Holdings*, 294 S.W.3d at 826; *Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 564, 568 (Tex. App.-Dallas 2008, no pet.). An arbitration award is presumed valid and entitled to great deference. *Royce Homes*, 315 S.W.3d at 85; *Myer v. Americo Life, Inc.*, 232 S.W.3d 401, 407–08 (Tex.App.-Dallas

2007, no pet.). When reviewing an arbitration award, we may not substitute our judgment merely because we would have reached a different decision. *Royce Homes*, 315 S.W.3d at 85.

## III. DISCUSSION

White's first and second issues involve assertions that the trial court erred by modifying the arbitration award. In his first issue, White argues the trial court's judgment erroneously modified the arbitration award to exclude MWF as a judgment defendant. According to the record, the Final Award of Arbitrators awarded damages to Siemens "and against all the Respondents, M & W Financial, Inc., Mullins & White Exploration Inc., Rick D. Mullins, and Martin White, jointly and severally." The trial court's judgment and order confirming the arbitration award states: "the Arbitration Award, attached hereto as Exhibit A, is confirmed." However, the trial court's judgment does not track the language of the arbitration award. Although the trial court granted Siemens judgment against MWE, Rick D. Mullins, and Martin D. White, jointly and severally, it did not grant Siemens judgment against MWF. Instead, the judgment ordered that all claims against MWF were dismissed with prejudice. White asserts that excluding MWF as a judgment defendant in the judgment, despite the fact it was clearly named as a jointly and severally liable party in the arbitration award, is a modification of the arbitration award. White further contends Siemens did not meet his burden of proving any of the statutory grounds for modification of the arbitration award.

In response, Siemens contends that the omission of a settling defendant from a judgment confirming an arbitration award is not a modification of the award. Sie-

mens reasons that the trial court did not take any action to strike MWF from the arbitration award; it merely accommodated Siemens's desire to not enter a confirmation order against one party with whom he had settled. We do not agree with Siemens's reasoning. The trial court did not merely omit MWF from the judgment; the trial court ordered "that all claims against M & W Financial, Inc. are hereby dismissed with prejudice to the refilling [sic] of the same." By dismissing with prejudice all claims against MWF, the trial court's judgment had the effect of completely negating the arbitration award against a party the arbitration panel found to be jointly and severally liable. Thus the trial court's judgment, in effect, modified the arbitration award by dismissing a jointly and severally liable party.

■ The Federal Arbitration Act (FAA) generally governs the enforceability of an arbitration agreement when the transaction involves interstate commerce. *Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 803 (Tex.App.-Dallas 2008, pet. denied); 9 U.S.C. §§ 1–2 (West 2009). The underlying dispute involved the sale of investment units in Texas limited partnerships to a Canadian citizen, and thereby involved interstate commerce. The parties do not dispute that the thirteen subscription agreements that were the subject of the arbitration proceeding were essentially identical. The record contains only one of the subscription agreements, the agreement for The Earl Unit 1H, Limited Partnership. The record shows, and White does not dispute, that the arbitration provision in the subscription agreement for The Earl Unit 1H, Limited Partnership states it shall be governed by the FAA. However, the agreement did not expressly mention whether the FAA applied to confirmation of the award. "Courts honor agreements to be bound by the FAA."

*Ernst & Young LLP v. Martin,* 278 S.W.3d 497, 499 (Tex.App.-Houston [14th Dist.] 2009, no pet.) (citing *In re Jim Walter Homes, Inc.,* 207 S.W.3d 888, 896 (Tex.App.-Houston [14th Dist.] 2006, no pet.) (orig. proceeding)).

■ Siemens moved for confirmation of the arbitration award under the Texas General Arbitration Act ("TAA"). *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.001–.098(West 2011). In response, MWF, MWE, and Mullins asserted the FAA applied to their motion to modify or vacate the arbitration award. We note that the FAA and the TAA are not mutually exclusive. *See In re D. Wilson Const. Co.,* 196 S.W.3d 774, 779 (Tex.2006) (orig. proceeding) (FAA only preempts contrary state law); *see also Senter Invs., L.L.C. v. Veerjee,* 358 S.W.3d 841, 845 n. 5 (Tex. App.-Dallas 2012, no pet.). Even where the FAA applies to substantive issues, we apply Texas law to procedural issues in arbitration proceedings. *See Nafta Traders, Inc. v. Quinn,* 339 S.W.3d 84, 99–100 (Tex.2011); *see also Alim v. KBR (Kellogg, Brown & Root)Halliburton,* 331 S.W.3d 178, 181 (Tex.App.-Dallas 2011, no pet.); *In re Chestnut Energy Partners, Inc.,* 300 S.W.3d 386, 399 (Tex. App.-Dallas 2009, pet. denied). Here, we need not determine whether confirmation of an award is procedural or substantive or which act applies because our conclusion would be the same under either act. *See Hamm v. Millennium Income Fund, L.L.C.,* 178 S.W.3d 256, 260 n. 3 (Tex.App.-Houston [1st Dist.] 2005, pet denied).

Under the terms of the FAA, an arbitration award must be confirmed unless it is vacated, modified, or corrected under one of the limited grounds set forth in sections 10 and 11 of the FAA. *See* 9 U.S.C. §§ 9–11. Under section 11 of the FAA, a court may modify or correct an arbitration

award upon the application of any party to the arbitration:

(a) where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

(b) where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

(c) where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11(a)-(c).

Likewise, under the terms of the TAA, a trial court shall confirm and arbitration award unless grounds are offered for vacating, modifying, or correcting the award under section 171.088 or 171.091 of the TAA. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.087. Section 171.091 of the TAA provides in relevant part:

(a) On application, the court shall modify or correct an award if:

(1) the award contains:

(A) an evident miscalculation of numbers; or

(B) an evident mistake in the description of a person, thing, or property referred to in the award;

(2) the arbitrators have made an award with respect to a matter not submitted to them and the award may be corrected without affecting the merits of the decision made with respect to the issues that were submitted; or

(3) the form of the award is imperfect in a manner not affecting the merits of the controversy.

TEX. CIV. PRAC. & REM.CODE ANN. § 171.091(a).

The statutory grounds allowing a trial court to modify an award are limited to those expressly identified above. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008) (The statutory grounds provided in sections 10 and 11 of the FAA for vacating, modifying, or correcting an arbitration award are exclusive and cannot be supplemented by contract.); *Callahan & Assocs. v. Orangefield Indep. Sch. Dist.*, 92 S.W.3d 841, 844 (Tex.2002) (The statutory grounds for allowing a court to modify an award are limited to those the TAA expressly identifies.). A party seeking to modify an arbitration award bears the ultimate burden of proving the grounds for modification. *Roehrs*, 246 S.W.3d at 804.

Here, Siemens failed to meet his burden of proving the grounds for modification. Indeed, Siemens contends he did not seek to modify the arbitration award; he merely sought to confirm it against select parties. Because we find no statutory grounds allowing the trial court to modify the arbitration award in this case, we conclude the trial court erred by modifying the arbitration award to dismiss all claims against a jointly and severally liable party. White's first issue is sustained. Our resolution of White's first issue makes it unnecessary for us to address his second issue. *See* TEX.R.APP. P. 47.1.

In his third issue, White argues the trial court should have modified the arbitration award to reflect a credit of $500,000 already paid to Siemens. Siemens asserts White did not prove that modification of the arbitration award was warranted or the proper way to issue such a credit. As discussed above, a party seeking to modify an arbitration award has the burden of proving the grounds for modification. *See Roehrs*, 246 S.W.3d at 804.

White bases his argument for modification on the statutory ground that the form of the award is imperfect in a manner not affecting the merits of the controversy. *See* TEX. CIV. PRAC. & REM.CODE § 171.091(a)(3). White argues the trial court should have modified the arbitration award "to make the judgment match the real-life events," and to give White and the other defendants credit for the $500,000 payment already made to Siemens. However, White provides no credible argument or analogous supporting authority for his contention that the form of the award in this case is imperfect. In his brief, White cites to *Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co., Inc.,* to support his argument that an appellate court should uphold a trial court's modification of an arbitration award to correct an imperfect award and effectuate the arbitrators' intent. *See Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co., Inc.,* 164 S.W.3d 438, 447 (Tex.App.-Houston [14th Dist.] 2005, no pet.) (the trial court modified the arbitration award to insert a missing date to enable the calculation of prejudgment interest awarded by the arbitration panel). The case before us is distinguishable from the *Baker Hughes* case. Here, White does not argue that the form of the arbitration award was imperfect at the time it was issued. Instead, White contends that once the settling parties made a partial payment to Siemens of the damages awarded in the arbitration award, the form of the arbitration award *became* imperfect. This is not a statutory ground for modifying or correcting an award. *See* TEX. CIV. PRAC. & REM.CODE § 171.091(a)(3).

At the hearing on Siemens's application to confirm the arbitration award, the trial court suggested that the appropriate way to credit a party for partial payment of an award was to file a partial release of judgment. We agree with the trial court that modification of the arbitration award is not the proper way to credit a party for partial payment of the award. We also conclude White failed to meet his burden of proving the grounds for such a modification. *Roehrs,* 246 S.W.3d at 804. His third issue is denied.

## IV. CONCLUSION

We reverse the trial court's judgment and render judgment confirming the Final Award of Arbitrators issued by the International Centre for Dispute Resolution, ICDR Case No. 50 180T0052608, on July 14, 2010 (the arbitration award).