**Affirmed as Modified and Opinion filed July 25, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00337-CV

---

## WILLIAM FULTON BROEMER, BROEMER & ASSOCIATES, W. FULTON BROEMER & ASSOCIATES, L.C. AND BROEMER & ASSOCIATES, L.L.C., Appellants

### V.

## HOUSTON LAWYER REFERRAL SERVICE, Appellee

---

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2010-46210**

---

## O P I N I O N

In three issues, appellants William Fulton Broemer, Broemer & Associates, W. Fulton Broemer & Associates, L.C., and Broemer & Associates, L.L.C. challenge the trial court's final judgment and order granting petition to confirm an arbitration award in favor of Houston Lawyer Referral Service (HLRS). Appellants argue the trial court erred by dismissing appellants' application to

vacate the arbitration award, assigning liability to parties not included in the arbitration award, and modifying the apportionment of liability specified in the arbitration award. We affirm the trial court's judgment as modified and reform the judgment to reflect the apportionment of liability contained in the arbitration award.

## *Background*

In 2005, W. Fulton Broemer & Associates, L.C., a law firm,[1] purchased the assets of the former law firm Weisblatt & Associates through an asset purchase agreement.[2] HLRS previously had referred three cases to Roslyn Bazzelle, an attorney who was employed by Weisblatt at the time. B&A hired Bazzelle after Weisblatt ceased its operations. Bazzelle brought the three cases to B&A. After Bazzelle left B&A, Broemer settled the cases and collected a fee. HLRS subsequently initiated an arbitration proceeding to collect referral fees from Broemer individually and B&A LLC. In the arbitration, Broemer contended that neither he personally nor B&A LLC were liable to HLRS for referral fees for those cases because HLRS did not refer the cases to him. However, Broemer admitted he personally owed HLRS $2,785 for other cases he had handled.[3] On May 6, 2010, the arbitrator awarded HLRS $2,785 against Broemer individually and

---

[1] Broemer, an attorney, holds a 100% ownership interest in W. Fulton Broemer & Associates, L.C. "Broemer & Associates" is a registered assumed name of W. Fulton Broemer & Associates, L.C. In this opinion, we refer to both collectively as "B&A." When referred to individually, we use the full names of each. Broemer & Associates, L.L.C., discussed below, is referred to separately as "B&A LLC."

[2] The asset purchase agreement was between B&A LLC, as buyer, and W&A Acquisition, L.L.C., as seller. Broemer signed the asset purchase agreement as agent for both the buyer and the seller.

[3] Between 1993 and 2008, HLRS referred a number of cases to Broemer. The referrals and annual dues statement from HLRS are addressed to B&A LLC. Broemer acknowledged by signature receipt of annual dues statements addressed to him at B&A LLC.

2

$15,637 against B&A LLC for the Weisblatt cases,[4] stating, "I do not find a reason to pierce the corporate veil and impose individual liability on Mr. Broemer for the three percentage cases."

HLRS filed a petition to confirm the arbitration award and for entry of judgment on July 27, 2010. HLRS named Broemer, B&A, and B&A LLC as defendants in the underlying matter (appellants in this appeal). Appellants filed an answer on August 13, 2010, asserting the assumed names "Broemer & Associates" and "Broemer & Associates, L.L.C." were not parties to the arbitration proceeding or award[5], asserting appellants did not enter into an enforceable arbitration agreement with HLRS, and seeking to vacate the arbitration award for the first time. Broemer and B&A subsequently amended their answer to (1) exclude B&A LLC as an answering party, (2) deny that either Broemer or W. Fulton Broemer & Associates, L.C. do business as B&A LLC,[6] and (3) assert that there is no arbitration award against W. Fulton Broemer & Associates, L.C. for the trial court to confirm. After notice to all parties and an evidentiary hearing, the trial court denied the application to vacate the arbitration award. The trial court entered a final judgment and order granting petition to confirm the arbitration award on January 17, 2012. The trial court rendered judgment in favor of HLRS against appellants, jointly and severally, in the amount of $18,422.[7]

---

[4] The arbitrator found, "If B&A [LLC] had done appropriate due diligence when it purchased the assets of Weisblatt & Associates, it should have discovered that HLRS had an interest in these cases. . . . B&A cannot reap the benefits of the cases but ignore the obligations."

[5] On appeal, Broemer concedes that B&A LLC was a party to the arbitration, but he asserts it is a nonexistent entity.

[6] Broemer and B&A alleged, "No such corporate entity or assumed name exists."

[7] Appellants subsequently filed a motion for new trial, which the trial court denied.

3

*Discussion*

In three issues, appellants argue the trial court erred in denying their application to vacate arbitration award, in assessing liability against B&A, and in holding Broemer jointly and severally liable for the entire amount of the arbitration award. We review de novo a trial court's decision to confirm or vacate an arbitration award, considering the entire record. *White v. Siemens*, 369 S.W.3d 911, 914 (Tex. App.—Dallas 2012, no pet.); *Amoco D.T. Co. v. Occidental Petroleum Corp.*, 343 S.W.3d 837, 844 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). Texas law clearly favors arbitration, and, as a result, judicial review is extraordinarily narrow. *E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010). An arbitration award has the same effect as a judgment of a court of last resort; accordingly, all reasonable presumptions are indulged in favor of the award. *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002). If the award is rationally inferable from the facts before the arbitrator, we must affirm the award. *Barton v. Fashion Glass & Mirror, Ltd.*, 321 S.W.3d 641, 645 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225, 235 (Tex. App.—Houston [14th Dist.] 1993, writ denied)).

## I. Application to Vacate Arbitration Award Untimely; Motion for Summary Judgment Unnecessary

In their first issue, appellants complain of the trial court's denial of their application to vacate the arbitration award "without the benefit of trial or summary judgment procedure."[8] HLRS argues the trial court did not err in denying

---

[8] Appellants base their objections to the arbitration award on the following grounds: the parties did not have a valid arbitration agreement, there lacked privity of contract between appellants and HLRS with regard to the cases transferred to B&A from Weisblatt, and enforcing the award would violate public policy.

4

appellants' application to vacate the arbitration award because appellants did not challenge the arbitration award in a timely manner.  The Federal Arbitration Act (FAA) governs the agreement containing the arbitration provision in this case. Under the FAA, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C. § 12; *see also Eurocapital Group, Ltd. v. Goldman Sachs & Co.*, 17 S.W.3d 426, 430 (Tex. App.—Houston [1st Dist.] 2000, no pet.).[9]  The parties agree that appellants did not file their application to vacate the arbitration award within the three-month limitations period that section 12 prescribes.[10]  Appellants, however, asserted during oral argument that the three-month period should have started when the arbitrator denied their motion for reconsideration of the arbitration award.[11]  The plain language of the statute does not support such an interpretation.  9 U.S.C. § 12 (requiring notice of motion to vacate within three months after award filed or delivered).  Moreover, appellants

---

[9] Texas procedural rules apply without regard to whether the Texas Arbitration Act (TAA) or the FAA governs the issues in this appeal. *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992); *see also Roe v. Ladymon*, 318 S.W.3d 502, 510 (Tex. App.—Dallas 2010, no pet.) ("While Texas law governs procedural matters in state court cases regarding arbitration, the FAA, if applicable, controls the substantive grounds for vacating, modifying, or correcting an arbitration award.").  However, section 12 of the FAA effectively establishes a three-month limitations period for filing a motion to vacate an arbitration award, which is a substantive rule. *Smith v. J-Hite, Inc.*, 127 S.W.3d 837, 841 (Tex. App.—Eastland 2003, no pet.); *see also Eurocapital Group Ltd.*, 17 S.W.3d at 430–31 ("When the very statute that creates a right of action incorporates an express limitation on the time within which the suit can be brought, the statute of limitation is considered substantive.").  Thus, the three-month limitation period of section 12 applies here. *See Eurocapital Group Ltd.*, 17 S.W.3d at 431.

[10] Appellants conceded this point during oral argument.  The transmittal on the arbitration award shows that it was sent to the parties on May 6, 2010.  Appellants filed their application to vacate the award on August 13, which was 98 days later.

[11] The arbitrator denied the motion for reconsideration on July 2, 2010, and appellants filed their first amended answer with a request that the arbitration award be vacated on August 13, 2010.  We note that appellants had time to file their request to vacate the arbitration award after the arbitrator denied the motion for reconsideration within the three-month period prescribed by section 12.  9 U.S.C. § 12.

admitted that no statute or case supports their request that we create such an exception to the rule, and we have found none. We decline to do so. An application to vacate filed outside the statutory limitations period is untimely and must be denied. *See Eurocapital Group, Ltd.*, 17 S.W.3d at 432 ("[A]ppellants' petition to vacate the award was not timely, and they have forfeited their right to judicial review of the award."). Accordingly, the trial court did not err in denying appellants' application to vacate the arbitration award.[12]

We overrule appellants' first issue.[13]

## II.    Judgment Entered Against Proper Parties

In their second issue, appellants argue the trial court erred in entering judgment against B&A for the portion of the damages in the arbitration award that was entered "exclusively against the non-existent entity [B&A LLC]." HLRS argues, among other things, that B&A LLC is an assumed name of W. Fulton Broemer & Associates, L.C. We agree with HLRS's contention.[14]

---

[12] Appellants offer no authority for their argument that the trial court could rule on their application to vacate only following a summary judgment hearing or a trial on the merits. To the contrary, summary judgment motions are not required for the trial court to confirm, modify, or vacate an arbitration award. *Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co.* 164 S.W.3d 438, 442-43 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Crossmark, Inc. v. Hazar,* 124 S.W.3d 422, 430 (Tex. App.—Dallas 2004, pet. denied). Applications to confirm or vacate an arbitration award should be decided as other motions in civil cases, on notice and an evidentiary hearing if necessary. *Baker Hughes*, 164 S.W.3d at 442; *Crossmark, Inc.*, 124 S.W.3d at 430.

[13] Because we find the motion to vacate was untimely, we do not consider appellants' substantive arguments to vacate the arbitration award based on the lack of a valid arbitration agreement, no privity of contract, and violation of public policy.

[14] As an initial matter, we note W. Fulton Broemer & Associates, L.C. is a limited liability company and "Broemer & Associates" is a registered assumed name of W. Fulton Broemer & Associates, L.C. A limited liability company doing business in Texas must include in its name the phrase "limited liability company" or "limited company" or an abbreviation of one of those phrases. Tex. Bus. Org. Code § 5.056. Thus, the abbreviations L.C. and L.L.C. both stand for "limited liability company." *Id.*; *see also* 1 Tex. Prac. Guide Real Estate Trans.

6

Appellants assert B&A LLC "is not a corporate entity [or] a registered assumed name" of the law firm. Under the Business and Commerce Code,

> A corporation, limited partnership, limited liability partnership, limited liability company, or foreign filing entity must file a certificate . . . if the entity . . . regularly conducts business or renders professional services in this state under an assumed name.

Tex. Bus. & Com. Code § 71.101. The certificate must set forth "the assumed name under which such business or professional service is or is to be conducted or rendered." *Id*. § 71.102. Admittedly, W. Fulton Broemer & Associates, L.C. never filed an assumed name certificate for B&A LLC. But failure to register an assumed name does not "impair the validity of any contract or act by the person."[15] *Id*. § 71.201. Accordingly, when evidence shows an entity is doing business under another name, it may be held liable under that name without regard to whether it filed an assumed name certificate. *See Fogal v. Stature Const., Inc.*, 294 S.W.3d 708, 717 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (holding entity's failure to register assumed name did not affect entity's capacity to defend suit or impair validity of any contract).[16]

---

§ 8:308. Broemer registered W. Fulton Broemer & Associates, L.C. as a limited liability company and registered "Broemer & Associates" as an assumed name of W. Fulton Broemer & Associates, L.C. For all practical purposes, the names "W. Fulton Broemer & Associates, L.C.," "Broemer & Associates," and "Broemer & Associates, L.L.C." are all names for the same entity.

[15] "Person" is defined as "an individual, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, government, governmental subdivision, agency, or instrumentality, public corporation, or any other legal or commercial entity." Tex. Bus. & Com. Code § 1.201.

[16] The court in *Fogal* held a party's failure to file an assumed name certificate did not prevent that party from enforcing an arbitration agreement entered under its assumed name when evidence showed the party did business under that name. 294 S.W.3d at 717-18. We hold, conversely, that a party may not avoid liability under an assumed name merely because it did not file an assumed name certificate when there is evidence that the party did business under that name. *See also* Tex. R. Civ. P. 28 (allowing lawsuits to be brought directly against entity in its assumed name).

In its petition seeking confirmation of the arbitration award and entry of judgment, HLRS asserted Broemer & Associates and B&A LLC both are assumed names of W. Fulton Broemer & Associates, L.C. and requested entry of judgment against all three entity names and Broemer.[17] The trial court conducted an evidentiary hearing before confirming the arbitration award and entering judgment in the underlying case. At the hearing, HLRS presented the following evidence that W. Fulton Broemer & Associates, L.C. was doing business as B&A LLC:

- Dues statement from HLRS addressed to Broemer at "Broemer & Associates L.L.C." with receipt acknowledgment and notarized certification page renewing membership in HLRS both signed by Broemer;[18]

- Asset Purchase Agreement including "Broemer & Associates L.L.C." as buyer;

---

[17] We construe the petition as a timely request for modification of the arbitration award to include the three entity names all representing the same law firm. *See* 9 U.S.C. §§ 11 (allowing trial court to modify award "to effect the intent thereof and promote justice between the parties" when the award is "imperfect in matter of form not affecting the merits of the controversy"), 12 (requiring notice of motion to modify award to be served within three months after award filed or delivered). As set forth above, the arbitration award was delivered to the parties on May 6, 2010. The petition was filed and served on appellants on July 27, 2010. Appellants argue HLRS was required to seek modification of the award under Texas Civil Practice and Remedies Code sections 171.088 and 171.091 (setting forth standards for modifying, correcting, or vacating arbitration awards). However, as we noted above, the FAA governs the substantive issues in this appeal, which include the standards for modifying, correcting, or vacating an arbitration award under the FAA. *See Eurocapital Grp., Ltd.*, 17 S.W.3d at 431 (noting FAA sections regarding vacating arbitration award and limitations period are "part of an enforcement scheme" that is considered substantive).

Under the FAA, a trial court may modify an arbitration award "[w]here the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11(c). The judgment against all three entity names clarifies that the law firm is liable for the arbitration award, which comports with the arbitrator's finding of liability against B&A LLC, because, as set forth below, we conclude B&A LLC is an assumed name of the law firm. Thus, even without a modification of the arbitration award, a judgment only against B&A LLC would obligate the law firm to pay the award.

[18] Appellants argue this merely shows HLRS included the wrong name for B&A. Broemer, however, signed the receipt and certification page and apparently made no attempt to correct the purported error.

8

- B&A's website reflecting the firm's name as "Broemer & Associates L.L.C.";

- Petition filed by B&A in lawsuit reflecting the firm's name as "Broemer & Associates L.L.C." on the signature block;

- Docket sheets from two lawsuits reflecting the law firm's name as "Broemer & Assoc LLC"; and

- A letter from an associate attorney from B&A reflecting the law firm's name as "Broemer & Associates L.L.C." on the signature block.[19]

We conclude that W. Fulton Broemer & Associates, L.C. was doing business under the assumed name B&A LLC. *See Fogal*, 294 S.W.3d at 717-18 (finding failure to file assumed name certificate was insufficient basis for finding arbitration provision with entity's assumed name unenforceable when entity was doing business under unregistered assumed name). Thus, the trial court did not err in modifying the arbitration award to include the three entity names all representing the same law firm and entering judgment against B&A as well as B&A LLC.[20] *See Cummings v. HCA Health Servs. of Tex., Inc.*, 799 S.W.2d 403, 405 (Tex. App.— Houston [14th Dist.] 1990, no writ) ("We see no difference whether [hospital] is sued 'as a d/b/a' and alleged to be the assumed or common name of another corporate entity, or sued alone as the assumed or common name.") (citing Tex. R. Civ. P. 28 (allowing lawsuits to be brought directly against entity in its assumed

---

[19] Appellants assert the items in this list generated by the law firm contain "typographical error[s]."

[20] HLRS argues alternatively that Broemer individually does business as B&A LLC and thus is personally liable for the award rendered against B&A LLC. *See W & F Transp., Inc. v. Wilhelm*, 208 S.W.3d 32, 46 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citing *Old Republic Ins. Co. v. EX-IM Servs. Corp.*, 920 S.W.2d 393, 396 (Tex. App.—Houston [1st Dist.] 1996, no writ) ("When an individual is doing business under an assumed name, a judgment rendered against the unincorporated association is binding on the individual.")). Particularly in light of the fact that the law firm is a limited liability company, the evidence shows it—not Broemer individually—was doing business as B&A LLC.

9

name)).

We overrule appellants' second issue.

### III. Joint and Several Liability Improper

In their third issue, appellants complain that the trial court erred in making Broemer jointly and severally liable for the entire arbitration award in contravention of the arbitrator's finding that Broemer was not personally liable for $15,637 of the award. We agree.

An arbitration award has the same effect as the judgment of a court of last resort, and a court reviewing the award may not substitute its judgment for that of the arbitrator merely because it would have reached a different result. *Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co.*, 164 S.W.3d 438, 442 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Under the terms of the FAA, an arbitration award must be confirmed unless it is vacated, modified, or corrected under one of the limited grounds set forth in sections 10 and 11 of the FAA.[21] 9 U.S.C. §§ 9–11; *see also White*, 369 S.W.3d at 915. Under section 11 of the FAA, a court may modify or correct an arbitration award upon the application of any party to the arbitration:

> (a) where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

> (b) where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

> (c) where the award is imperfect in matter of form not affecting the

---

[21] Appellants and HLRS both cite the standards for modification of arbitration awards under the TAA rather than the FAA. As we have noted, the standards for modification are substantive. Thus, the FAA standards apply. *See Eurocapital Grp., Ltd.*, 17 S.W.3d at 431.

10

merits of the controversy.

9 U.S.C. § 11(a)-(c). The statutory grounds allowing a trial court to modify an award are limited to those expressly identified above. *White*, 369 S.W.3d at 916; *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586-87 (2008) (holding statutory grounds provided in sections 10 and 11 of the FAA for vacating, modifying, or correcting arbitration award are exclusive and cannot be supplemented by contract). Moreover, when a trial court modifies an arbitration award, it must do so only "to effect the intent [of the award] and promote justice between the parties." 9 U.S.C. § 11. A party seeking to modify an arbitration award bears the ultimate burden of proving the grounds for modification. *White*, 369 S.W.3d at 916.

Here, the arbitrator expressly found in the award, "I do not find a reason to pierce the corporate veil and impose individual liability on Mr. Broemer for the three percentage cases." The trial court's modification imposing joint and several liability upon Broemer for the entire amount of the award conflicts with that finding, and HLRS did not demonstrate that any of the statutory grounds allowed the modification.[22] *See White*, 369 S.W.3d at 916 (holding no statutory grounds allowed trial court to modify arbitration award to dismiss claims against party); *Kosty v. S. Shore Harbour Cmty. Ass'n*, 226 S.W.3d 459, 465 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (holding trial court had no authority to award attorney's fees when arbitrator had stated he would not award attorney's fees); *Monday v. Cox*, 881 S.W.2d 381, 384-85 (Tex. App.—San Antonio 1994, writ denied) (holding that trial court's order erroneously set aside arbitrator's award of attorney's fees because issue had properly been submitted to arbitrator

---

[22] HLRS argues Broemer should be jointly and severally liable because he allegedly conducts business individually as B&A LLC. We disagree, as discussed above.

11

and "trial court was . . . without authority to modify that aspect of the decision"); *Riha v. Smulcer*, 843 S.W.2d 289, 294 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (holding trial court erred in modifying arbitration award to subtract credits).

We sustain appellants' third issue. We reform the judgment to remove joint and several liability against Broemer, render judgment in favor of HLRS and against Broemer in the amount of $2,785, and render judgment in favor of HLRS and against B&A and B&A LLC, jointly and severally, in the amount of $15,637. *See* Tex. R. App. P. 43.2(b); *see also Defterios v. Dallas Bayou Bend, Ltd.*, 350 S.W.3d 659, 674 (Tex. App.—Dallas 2011, pet. denied) (reforming judgment by deleting references to joint and several recovery).

### *Conclusion*

We affirm the judgment of the trial court as modified.

/s/ Martha Hill Jamison
   Justice


Panel consists of Justices Christopher, Jamison, and McCally.

12