**Reversed and Rendered and Memorandum Opinion filed October 16, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00600-CV

_____

## ROBERT P. LESLIE, Appellant

### V.

## JEFFREY R. HILL AND ANTHONY T. HILL, Appellees

**On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 2012-13069**

## M E M O R A N D U M   O P I N I O N

Appellant Robert P. Leslie appeals from the trial court's order confirming the arbitration award against appellees Jeffrey R. Hill and Anthony T. Hill, but refusing to sign a final judgment based on the confirmed award. Because the arbitration statutes do not contemplate a trial court confirming an arbitration award without also signing a final judgment based on that award, we reverse the trial court's order and render judgment confirming the arbitration award.

BACKGROUND

On October 17, 2007, Leslie and the Hills entered into an Agreement and Assignment of Membership Interest in Conquest Marketing and Investments, LLC (d.b.a. Conquest Beverage Group, L.L.C.) (the Agreement), in which the Hills agreed to buy the majority interest in Conquest. Section 15(p) of the Agreement provides:

> Binding Arbitration. The parties hereto agree that all disputes arising out of or related to the terms and conditions of this Agreement and/or the Concurrent Agreements or to the performance, breach or termination thereof, shall be settled by binding arbitration administered by the American Arbitration Association conducted pursuant to the Commercial Arbitration Rules of the American Arbitration Association. The arbitration shall take place in either New Orleans or Metairie, Louisiana. Judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

In Section 15(i) of the Agreement, Leslie and the Hills agreed that if a dispute arose, the prevailing party would recover its reasonable attorneys' fees and expenses incurred as a result of that dispute.

At a time not disclosed in the record, a dispute arose regarding the Hills' failure to make the required payments to Leslie. Leslie initiated an arbitration proceeding, alleging that the Hills had breached the Agreement. The arbitrator found in favor of Leslie and awarded him damages, prejudgment interest, and "an amount equal to 40% of the sums due, including accrued interest, . . . at the time those sums are finally paid, representing the reasonable attorneys['] fees incurred by [Leslie] to enforce [the Hills'] obligations."

Leslie filed a petition to confirm the arbitration award in Harris County district court and subsequently filed a motion to confirm the award. Uncertain whether Texas law allowed a trial court to confirm an arbitration award containing

an award of prejudgment interest and attorneys' fees, the trial court denied Leslie's motion. Leslie filed a second motion to confirm the arbitration award, which the trial court denied because it concluded Texas law did not allow recovery of attorneys' fees that included accrued interest.

Leslie then filed a third motion to confirm the award. The Hills responded that the trial court should not confirm the arbitration award, but instead should vacate the award because it contained a gross mistake. The trial court signed an order stating: "the Court does not find that there is any gross mistake in the Arbitration Award. However, because the Arbitration Award is in contravention to Texas law, the Court cannot enter a final judgment on the Arbitration Award." The trial court subsequently signed Amended Findings of Fact and Conclusions of Law. The trial court concluded: "without a basis to deny the confirmation of the Arbitration Award, the Award was confirmed." It further concluded that "because the Arbitration Award does not allow this Court to sign a Final Judgment that is sufficiently definite as required by Texas law, this Court refused to sign Leslie's [proposed] Final Judgment." This appeal followed.

## ANALYSIS

In two issues, Leslie challenges the trial court's refusal to render a final judgment based on the confirmed arbitration award. The Hills, for their part, ask this Court to affirm the trial court's order in its entirety and affirmatively disclaim any challenge to the trial court's order or to the arbitration award itself. We address Leslie's issues on appeal together.

We review de novo a trial court's decision to confirm or vacate an arbitration award. *Broemer v. Houston Lawyer Referral Serv.*, 407 S.W.3d 477, 480 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Texas and federal law favor arbitration and, as a result, judicial review is extraordinarily narrow. *See E. Tex.*

3

*Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010). An arbitration award has the same effect as the judgment of a court of last resort, and a court reviewing the award may not substitute its judgment for that of the arbitrators merely because it would have reached a different result. *Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co., Inc.*, 164 S.W.3d 438, 442 (Tex. App.—Houston [14th Dist.] 2005, no pet.). In addition, a reviewing court may not set aside an arbitration award for a mere mistake of fact or law. *Id.* Indeed, any error of law made by an arbitrator may not be reviewed by a court confirming an arbitration award. *Id.* at 443.

The arbitration clause in the Agreement does not specify whether the Federal Arbitration Act (FAA) or the Texas General Arbitration Act (TGAA) governs in the event of a dispute between the parties. *See* 9 U.S.C. § 1, *et seq.*; Tex. Civ. Prac. & Rem. Code Ann. § 171.001, *et seq.* (West 2011). The FAA applies to any contract that involves interstate commerce, reaching to the full extent of Congress's power under the Commerce Clause of the United States Constitution. *See id.* § 2 (1999); *Citigroup Global Markets, Inc. v. Brown*, 261 S.W.3d 394, 399 (Tex. App.—Houston [14th Dist.] 2008, no pet.). On the other hand, "federal procedure does not apply in Texas courts, even when Texas courts apply the [FAA]." *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). In their briefing, the parties reference only the TGAA in discussing whether the trial court has discretion not to render judgment on an arbitration award after confirming it. We need not determine which arbitration act governs that question because the result is the same under each act.

The TGAA provides that a trial court "shall confirm" an arbitration award unless a party opposing confirmation offers grounds for vacating, modifying, or correcting the award. Tex. Civ. Prac. & Rem. Code Ann. § 171.087. Under the

4

TGAA, "[t]he fact that the relief granted by the arbitrators could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award." *Id.* § 171.090. Finally, section 171.092 of the TGAA provides that when a trial court grants "an order that confirms, modifies, or corrects an award, the court *shall* enter a judgment or decree conforming to the order." *Id.* at § 171.092 (emphasis added); *see* Tex. Gov't Code Ann. § 311.016 (West 2013) (construing "shall" as imposing a duty); *Albertson's Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999) (stating courts generally construe the word "shall" as mandatory). The statute further provides that the "judgment or decree may be enforced in the same manner as any other judgment or decree." Tex. Civ. Prac. & Rem. Code Ann. § 171.092.

Similarly, the FAA provides that when a party moves for an order confirming an arbitration award, "the court must grant such an order unless the award is vacated, modified, or corrected . . . ." 9 U.S.C. § 9. If the court issues an order granting confirmation, the party files the motion and order "with the clerk for the entry of judgment thereon," and the resulting "judgment so entered shall have the same force and effect . . . as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." *Id.* § 13; *see also Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1133 (9th Cir. 2000) ("The [FAA] requires the court to enter judgment upon a confirmed arbitration award, without reviewing either the merits of the award or the legal basis upon which it was reached.").

Here, the trial court concluded the Hills had not presented any grounds on which the arbitration award could be vacated, modified, or corrected, and it therefore signed an order confirming the award. The trial court refused to sign a final judgment conforming to the confirmed award, however, because it concluded

the award contravened Texas law.

We hold this refusal was error because neither the TGAA nor the FAA give a trial court any discretion to refuse to render a final judgment after confirming an arbitration award. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.092 (providing that when trial court grants "an order that confirms . . . an award, the court *shall* enter a judgment or decree conforming to the order"); *Chiron Corp.*, 207 F.3d at 1133 (stating FAA requires entry of judgment upon confirmation of arbitration award). Even if the trial court were correct that the arbitrator awarded relief that could not have been awarded under Texas law in a non-arbitration case, that does not provide a basis for refusing to render judgment on the confirmed award. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.090; *see also Chiron Corp.*, 207 F.3d at 1133 (stating FAA requires entry of judgment upon confirmed arbitration award without reviewing merits of award or legal basis supporting it); *Barton v. Fashion Glass and Mirror, Ltd.*, 321 S.W.3d 641, 646 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (reasoning that arbitrator can grant relief that trial court cannot because its authority is derived from arbitration agreement). Because the trial court erred when it refused to sign a final judgment incorporating the confirmed arbitration award, we sustain Leslie's consolidated issues on appeal.

## CONCLUSION

Having sustained Leslie's consolidated issues on appeal, we reverse the part of the trial court's June 18, 2013 order refusing to sign a final judgment on the confirmed arbitration award, and we render judgment incorporating the confirmed arbitration award in its entirety. *See* Tex. R. App. P. 43.3.

/s/    J. Brett Busby
        Justice

Panel consists of Justices McCally, Busby, and Donovan.

6