**Affirmed and Memorandum Opinion filed June 23, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00649-CV

## TOM WRIGHT CONSTRUCTION, LLC D/B/A BUILT WRIGHT CONSTRUCTION, Appellant

## V.

## BOLTON STEEL ERECTORS, Appellee

**On Appeal from the 506th Judicial District Court
Waller County, Texas
Trial Court Cause No. 17-02-24157**

### MEMORANDUM OPINION

Appellant Tom Wright Construction, LLC d/b/a Built Wright Construction ("BWC") appeals a judgment entered in favor of appellee Bolton Steel Erectors ("Bolton Steel"). By two issues, BWC argues the trial court erred in entering judgment in favor of Bolton Steel because (1) the arbitrator's award was untimely and not briefly reasoned, and (2) the parties' agreement did not authorize the recovery of attorney's fees. We affirm.

# I. BACKGROUND

In 2016, Texas Prairie View A&M University contracted Skanska USA Building, Inc. ("Skanska") to perform work at the University's football stadium. Skanska hired BWC as its subcontractor, and BWC subcontracted all of its work and obligations to Bolton Steel by executing a written contract on June 17, 2015. The subcontract between BWC and Bolton Steel contained an arbitration agreement that, in the event of a dispute, gave BWC the sole right to invoke binding arbitration and provided that the issues arbitrated "shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect, unless the parties mutually agree otherwise."

In February 2017, Bolton Steel filed suit against BWC, among others, asserting claims for breach of contract, to collect on BWC's payment bonds, and recovery of attorney's fees under section 38.001 of the Civil Practice and Remedies Code and Texas Government Code Chapter 2253. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001; Tex. Gov't Code Ann. § 2253.073. BWC filed an answer, moved to compel arbitration, and requested attorney's fees pursuant to Texas Government Code § 2253.075 and chapter 38 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001; Tex. Gov't Code Ann. § 2253.075.[1] Pursuant to the parties' agreement, the trial court entered an order compelling arbitration.

On July 1, 2019, the arbitrator entered a scheduling order, which provided in relevant part:

---

[1] Section 2253.075 of the Government Code provides "A third party to whom a claim is assigned is in the same position as a payment bond beneficiary if notice is given as required by this chapter." Tex. Gov't Code Ann. § 2253.075.

**Award:** Within thirty (30) days following the final hearing and post-hearing briefing, if any, the Arbitrator shall prepare a briefly reasoned award.

Except as indicated otherwise above, these deadlines and dates are final unless the parties specifically agree otherwise, or unless the Arbitrator modifies them in his discretion after good cause is shown.

The final arbitration hearing before the arbitrator occurred between November 18–22, 2019, and post-hearing briefing was complete on February 13, 2020. On June 16, 2020, the arbitrator issued his final award. The arbitrator granted Bolton Steel's breach-of-contract claim against BWC and determined that the adjusted contract amount was $937,137.00; that BWC was entitled to $386,392.65 in back charges; and that the remainder that BWC owed Bolton Steel under the contract was $359,791.35. The arbitrator also granted Bolton Steel $216,621.12 in attorney's fees, with an additional $10,000 to be awarded in the event of any challenge to the award. Finally, the arbitrator denied BWC's claims for breach of contract, fraud, tortious interference with a contract, and attorney's fees.

On June 26, 2020, BWC filed a motion asserting that the award was insufficiently reasoned, requesting from the arbitrator further reasoning for the award. On June 29, the arbitrator requested input from the parties, and on July 22, the arbitrator informed the parties that he would "revisit the Award and provide additional reasoning." On July 31, BWC filed an objection to the length of time the arbitrator was spending on the award, asserting that the arbitrator failed to timely deliver a briefly reasoned award. BWC avers the delay caused BWC to incur additional costs associated with payment of an additional bond premium and litigation "on two fronts." On August 3, 2022, the arbitrator issued an amended award and a second amended final arbitration award, which provided for the same relief but included additional reasoning for the award.

Bolton Steel then filed a motion with the trial court to confirm the second amended arbitration award; BWC filed a motion to vacate the award. On August 19, 2020, the trial court confirmed the arbitrator's second amended final arbitration award, entered a judgment in favor of Bolton Steel, and denied BWC's request for vacatur. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo the trial court's decision to confirm or vacate an arbitration award. *D.R. Horton-Tex., Ltd v. Bernhard*, 423 S.W.3d 532, 534–35 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Texas law clearly favors arbitration, and as a result, judicial review is extraordinarily narrow. *Broemer v. Hous. Lawyer Referral Serv.*, 407 S.W.3d 477, 480 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

## III. TIMELINESS & REASONING OF AWARD

In its first issue, BWC argues the trial court erred by refusing to vacate the arbitration award. BWC asserts that the arbitrator's award failed to provide the reasoning required and was untimely.

## A. APPLICABLE LAW

The parties agree that the Texas Arbitration Act applies. The TAA provides that an arbitrator shall make the award (1) within the time established by the agreement to arbitrate; or (2) if a time is not established by the agreement, then within the time ordered by the court on application of a party. Tex. Civ. Prac. & Rem. Code Ann. § 171.053(c). The TAA further provides that "[a] party waives the objection that an award was not made within the time required unless the party notifies the arbitrators of the objection before the delivery of the award to that party." *Id.* § 171.053(e).

4

An arbitrator may modify or correct an award based on the grounds listed in § 171.091 or to clarify an award.[2] *Id.* § 171.054(a); *see id.* § 171.091(a). As relevant to this case, a modification may be made only on application of a party. *See id.* §§ 171.054(b)(1), 171.091(b). A party seeking to have the arbitrator modify the award under § 171.091 must make such a request no later than twenty days after the date the award is delivered. *Id.* § 171.054(c); *see Teleometrics Int'l v. Hall*, 922 S.W.2d 189, 192 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

### 1. Timeliness

Here, BWC objected to the timeliness of the award after the arbitrator issued its award but before the arbitrator issued its amended awards; we therefore conclude that BWC waived its complaint regarding the timeliness of the arbitrator's original award. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.053(e).[3]

As to the amended awards, BWC argues that the arbitrator "cannot modify an award after a certain time." BWC argues the arbitrator only has twenty days to modify or clarify an award and that, "beyond this short window to correct minor defects, the arbitrator is without authority to amend the award." In support, BWC points us to § 171.054 of the Civil Practice and Remedies Code and to Rule 51 of the AAA Construction Rules. However, these authorities do not support BWC's arguments.

Section 171.054, titled Modification or Correction to Award, provides that "[a] party may make an application under this section not later than the 20th day after the date the award is delivered to the applicant." *Id.* § 171.054(c). Contrary to

---

[2] BWC does not rely on § 171.091 on appeal, nor did it rely on this statute at the trial court.

[3] "A party waives the objection that an award was not made within the time required unless the party notifies the arbitrators of the objection before the delivery of the award to that party." Tex. Civ. Prac. & Rem. Code Ann. § 171.053(e).

BWC's argument, § 171.054 provides a deadline for an application to modify an award by a party, not a deadline by which the arbitrator must deliver his amended award. *See id.* There is no subsection in § 171.054 that imposes such a deadline. *See id.*

The same is true of the AAA Construction Rules. Rule 51, titled "Modification of Award," provides a similar deadline for an application for modification. *See* AM. ARBITRATION ASS'N, CONSTR. INDUS. ARBITRATION RULES & MEDIATION R. 51(a) (eff. July 1, 2015) https://www.adr.org/sites/default/files/ Construction%20Rules.pdf ("Within 20 calendar days after the transmittal of an award, the arbitrator on his or her initiative, or any party, upon notice to the other parties, may request that the arbitrator correct clerical, typographical, technical or computational errors in the award."). Accordingly, BWC's reliance on these authorities is misplaced and we reject the argument that the arbitrator had no power to enter the amended award after twenty days.

Additionally, we note that BWC's request to provide an amended award with additional reasoning did not request that the arbitrator provide the revision within a specific timeframe, nor did BWC argue that the parties agreed to impose a deadline for the arbitrator's amended award. Finally, the arbitrator entered a ruling rejecting BWC's objection to the timeliness of the amended award, stating that the arbitrator could modify the deadlines at his discretion, and noting in the second amended award that the arbitrator modified the deadline for the final award "[a]s a result of the COVID-19 pandemic, complexity of the issues, large volume of exhibits and extensive briefing . . . ." BWC does not challenge this ruling on appeal apart from the arguments rejected above.

### 2. Did The Arbitrator Issue A "Briefly Reasoned Award"?

BWC argues next that the arbitration award is not "briefly reasoned," as

required by the parties' agreement in this case. BWC's argument, however, is based on BWC's premise that the arbitrator was without power to enter the second amended award, an argument we have rejected. We also note that the arbitrator's second amended award, which is the award on which the trial court entered judgment, provided sufficient reasoning. We therefore reject BWC's argument that the arbitration award should be vacated because it was insufficiently reasoned.

We overrule BWC's first issue.

## IV.   ATTORNEY'S FEES

In its second issue, BWC avers that the trial court erred in enforcing the arbitrator's award granting attorney's fees to Bolton Steel because neither the arbitration agreement nor the law provides the arbitrator the authority to award attorney's fees to Bolton.

## A.   APPLICABLE LAW

The TAA provides that a court must vacate an award if, among other grounds, the arbitrator exceeded his powers. Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a)(3)(A). "In arbitration conducted by agreement of the parties, the rule is well established that an arbitrator derives his power from the parties' agreement to submit to arbitration." *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 89–91 (Tex. 2011). As with any contract, the parties' intentions control, and courts and arbitrators must give effect to the contractual rights and expectations of the parties. *Id.* Therefore, an arbitrator exceeds his authority when he disregards the contract and dispenses his own idea of justice. *D.R. Horton-Tex.*, 423 S.W.3d at 535.

However, an arbitrator does not exceed his authority simply because he may have misinterpreted the contract or misapplied the law. *Id.* An arbitrator does not exceed his authority by committing a mistake of law, but instead by deciding a

7

matter not properly before him. *Id.*; *see also City of Houston v. Hous. Prof'l Fire Fighters' Ass'n, Local 341*, No. 14-18-00418-CV, 2020 WL 1528078, at *4 (Tex. App.—Houston [14th Dist.] Mar. 31, 2020, pet. denied) (mem. op.) (noting that the "contention that the arbitrator got the law wrong" "is beyond the scope of our review"); *LeFoumba v. Legend Classic Homes, Ltd.*, No. 14-08-00243-CV, 2009 WL 3109875, at *3 (Tex. App.—Houston [14th Dist.] Sept. 17, 2009, no pet.) (mem. op.) ("Thus, the appropriate inquiry is not whether the arbitrator decided an issue *correctly*, but instead whether she had the authority to decide the issue *at all*.").

An arbitrator shall award attorney's fees as additional sums required to be paid under the award, only if the fees are provided for in the agreement to arbitrate or by law for a recovery in a civil action in the district court on a cause of action on which any part of the award is based. Tex. Civ. Prac. & Rem. Code Ann. § 171.048(c).

## B.   ANALYSIS

Here, the agreement provides that all disputes between BWC and Bolton Steel are to be submitted to arbitration if BWC invokes arbitration. Bolton Steel's petition and BWC's answer both sought recovery of attorney's fees. Furthermore, the parties' agreement states that the Construction Industry Arbitration Rules of the American Arbitration Association govern the claims between BWC and Bolton Steel. Rule 48(d)(ii) provides that an arbitrator may include "an award of attorneys' fees if all parties have requested such an award . . . ." *See* AM. ARBITRATION ASS'N, CONSTR. INDUS. ARBITRATION RULES & MEDIATION, R. 48(d)(ii) (eff. July 1, 2015) https://www.adr.org/sites/default/files/Construction %20Rules.pdf.

The record shows that both BWC and Bolton Steel requested an award of

8

attorney's fees from the arbitrator. Accordingly, the arbitrator did not exceed his powers when he awarded attorney's fees to Bolton Steel because the parties' agreement provided that the Construction Industry Arbitration Rules of the American Arbitration Association applied. *See Nafta Traders, Inc.*, 339 S.W.3d at 89–91; *D.R. Horton-Tex.*, 423 S.W.3d at 535; AM. ARBITRATION ASS'N, CONSTR. INDUS. ARBITRATION RULES & MEDIATION, R. 48(d)(ii) (eff. July 1, 2015) https://www.adr.org/sites/default/files/Construction%20Rules.pdf.

BWC argues in its reply brief that Rule 48(d)(ii) is inapplicable because it conflicts with the express terms of the parties' agreement. *See Americo Life, Inc. v. Myer*, 440 S.W.3d 18, 24 (Tex. 2014) ("When an arbitration agreement incorporates by reference outside rules, 'the specific provisions in the arbitration agreement take precedence and the arbitration rules are incorporated only to the extent that they do not conflict with the express provisions of the arbitration agreement."). BWC argues that the only fee-shifting provision in the contract between BWC and Bolton Steel which allows for the recovery of attorney fees provides that, in the event of Bolton Steel's default or termination, BWC may recover fees.

However, BWC did not challenge Rule 48(d)(ii) as a basis for the arbitrator's award of attorney's fees in the trial court, nor did it argue in its brief that Rule 48(d)(ii) conflicted with the express terms of the parties' agreement. Consequently, this argument is waived. *See* Tex. R. App. P. 33.1(a); *see, e.g.*, *QTAT BPO Solutions, Inc. v. Lee & Murphy Law Firm, G.P.*, 524 S.W.3d 770, 779 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (concluding that argument was waived because it was not raised in the trial court, but raised for the first time in a reply brief on appeal); *Tex. Ear Nose & Throat Consultants, PLLC v. Jones*, 470 S.W.3d 67, 84 n.15 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (same).

Nevertheless, we observe that the provision BWC references does not state that Bolton Steel is precluded from recovering attorney's fees, nor have we found any other provision in the contract that provides such a limitation. And as previously noted, the arbitration agreement expressly provides that the Construction Industry Arbitration Rules are to apply in the arbitration proceedings, which permits the arbitrator to award attorney's fees if requested by both parties.[4]

Finally, "[b]y submitting issues for an arbitrator's consideration, parties may agree to arbitrate disputes that they were not otherwise contractually compelled to arbitrate." *Miller v. Walker*, 582 S.W.3d 300, 305 (Tex. App.—Fort Worth 2018, no pet.) (citing *OMG, L.P. v. Heritage Auctions, Inc.*, 612 Fed. App'x 207, 210 (5th Cir. 2015) (per curiam)); *see Kosty v. S. Shore Harbour Cmty. Ass'n, Inc.*, 226 S.W.3d 459, 465 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). As noted, the agreement provides that all disputes between BWC and Bolton Steel are to be submitted to arbitration if BWC invokes arbitration. Because both BWC and Bolton Steel submitted the issue of attorney's fees to the arbitrator, and because the arbitration agreement did not expressly prohibit the arbitrator from awarding fees, we cannot conclude that the trial court erred when it entered judgment for attorney's fees in favor of Bolton Steel. *See Forest Oil Corp. v. El Rucio Land & Cattle Co.*, 518 S.W.3d 422, 431 (Tex. 2017) ("In determining whether an arbitrator has exceeded his authority, the proper inquiry is not whether the

---

[4] We note that "[p]arties are free to contract for a fee-recovery standard either looser or stricter than Chapter 38's." *Peterson Grp., Inc v. PLTQ Lotus Grp., L.P.*, 417 S.W.3d 46, 60 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (citing *Intercontinental Grp. P'ship v. KB Home Lone Star, L.P.*, 295 S.W.3d 650, 653 (Tex. 2009)). "When parties include such provision in a contract, the language of the contract controls, rather than the language of the statute." *Id.* "In light of this difference in application of statutory and contractual attorney's fees, and because a court's judgment must conform with the pleadings, *see* Tex. R. Civ. P. 301, a party who pleads for attorney's fees only under Chapter 38 waives its claims for attorney's fees under a contractual provision." *Id.* BWC does not argue that the trial court's judgment does not conform with Bolton Steel's pleading.

arbitrator decided the issue correctly, but rather, whether he had the authority to decide the issue at all."); *New Med. Horizons II, Ltd. v. Jacobson*, 317 S.W.3d 421, 429 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("An arbitrator's jurisdiction is defined by the contract containing the arbitration clause and by the issues actually submitted to arbitration.").

We overrule BWC's second issue.

## V. CONCLUSION

We affirm the trial court's judgment.


/s/     Margaret "Meg" Poissant
        Justice


Panel consists of Justices Jewell, Bourliot, and Poissant.

11