

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-17-00035-CV

SCOTT A. MILLER                                                          APPELLANT

V.

JEREMY J. WALKER, D/B/A                                     APPELLEE
MAVERICK WEALTH
MANAGEMENT

----------

## FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 236-281183-15

----------

## OPINION

----------

### I. INTRODUCTION

Appellee Jeremy J. Walker, d/b/a Maverick Wealth Management petitioned the trial court to vacate the attorneys'-fees portion of an arbitration award in favor of Appellant Scott A. Miller, arguing that the panel had exceeded its authority by awarding attorneys' fees that were not recoverable under an arbitration

agreement or pursuant to Texas law. In response, Miller moved the trial court to confirm the arbitration award and to sanction Walker for filing a frivolous petition to vacate. The trial court vacated the attorneys' fees and declined to sanction Miller. In two issues, Miller challenges both rulings. We hold that the panel was authorized to award Miller attorneys' fees in light of the parties' submissions requesting attorneys' fees and Walker's failure to advise the panel that it lacked the authority to award Miller attorneys' fees. We also conclude, however, that the trial court did not abuse its discretion by denying Miller's motion for sanctions. Therefore, we will affirm the trial court's judgment insofar as it denied Miller's motion for sanctions, but we will reverse the trial court's judgment vacating the attorneys' fees and render judgment confirming the arbitration award.

## II. BACKGROUND

Miller operates a financial-advisory practice as an independent affiliate of Ameriprise Financial Services, Inc. Walker joined the practice in 2009 as an Associate Financial Advisor and signed an "Ameriprise Financial Services, Inc. Associate Financial Advisor Agreement" (AFA Agreement), which among other employment terms, contained a section providing for arbitration of certain claims. Both Miller and Walker are "registered" with—or are considered "Associated Persons" by—the Financial Industry Regulatory Authority (FINRA).

In May 2015, Walker resigned as an Associate Financial Advisor and, according to Miller, "started a competing business two miles away." Believing

2

that Walker was using confidential information taken from his practice to gain a competitive advantage for his new business in violation of several written agreements, and concluding that FINRA Rule 13200 required the dispute to be arbitrated through FINRA, Miller obtained a temporary restraining order against Walker in state court and concurrently filed a statement of claim with FINRA Dispute Resolution. In his statement of claim, Miller averred that Walker had breached contracts, breached fiduciary duties, and misappropriated trade secrets, and he sought permanent injunctive relief and attorneys' fees. Walker filed an answering statement that contained general and specific denials, affirmative defenses, and his own request for attorneys' fees. Both sides also signed a FINRA Arbitration Submission Agreement, agreeing to "submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related [other claims], to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure." Miller nonsuited his state-court action after a FINRA arbitration panel was selected.

After a hearing on June 22, 2015, the panel issued an order granting in part Miller's request for a permanent injunction. Later, on August 11, 2015, the panel held a full-day evidentiary hearing on damages, costs, and attorneys' fees. In addition to some testimonial evidence about attorneys' fees, both sides submitted an affidavit or declaration in support of attorneys' fees and costs. Miller's attorney's declaration sought reasonable attorneys' fees in the amount of

$95,965.90, and Walker's attorney's affidavit sought attorneys' fees and costs in the amount of $150,025.00.

The panel issued its award on September 1, 2015, awarding Miller compensatory damages in the amount of $76,238.49 and attorneys' fees and costs in the amount of $95,965.50. The award stated that Walker was liable for the attorneys' fees "pursuant to Texas Civil Practice and Remedies Code Section 38.001." Walker paid the compensatory-damages portion of the award but filed a petition in state court, pursuant to the Federal Arbitration Act (FAA), to vacate or, alternatively, to modify or correct the attorneys'-fees portion of the award.

In his petition to vacate, Walker argued that in awarding Miller attorneys' fees, the panel had exceeded its authority under section IX(7) of the AFA Agreement because that provision permitted attorneys' fees incurred in an arbitration to be awarded to Walker or to Ameriprise but not to Miller.[1] According to Walker, "There was simply no authority in the AFA Agreement for the Panel to require Mr. Walker to pay Mr. Miller's attorneys' fees." Citing a choice-of-law provision, Walker alternatively argued that the panel had exceeded its authority under the AFA Agreement by basing its attorneys'-fees award on a Texas statute (civil practice and remedies code section 38.001) instead of on Minnesota law,

---

[1]Section IX(7) states in relevant part, "You [Walker] and Ameriprise Financial shall each be responsible for their own costs of legal representation, if any[,] except where such costs of legal representation may be awarded as a statutory remedy by the arbitrator."

4

which does not contain a statute like section 38.001. In his petition to modify or correct the attorneys'-fees portion of the award, Walker argued that the award should be reduced by $17,400.50 because there was an evident, material miscalculation of figures.

Miller responded to each of Walker's arguments and additionally asked the trial court to sanction Walker under rule of civil procedure 13 and civil practice and remedies code chapter 10 for filing a frivolous petition to vacate the attorneys' fees. The trial court vacated the attorneys'-fees portion of the award and denied all other relief, including Miller's motion for sanctions and accompanying request for attorneys' fees incurred as a result of Walker's petition to vacate.

### III. AUTHORITY TO AWARD ATTORNEYS' FEES

In his first issue, Miller argues that the panel did not exceed its authority by awarding him attorneys' fees because the arbitration was conducted under FINRA rules, which allow an award of attorneys' fees, not pursuant to the AFA Agreement, which expressly excluded from arbitration the claims that Miller alleged against Walker. Alternatively, Miller contends that even if the AFA Agreement and its section IX(7) controlled, the parties authorized the panel to award him attorneys' fees because both sides submitted requests for attorneys' fees and Walker neither objected to Miller's request for attorneys' fees nor claimed that the panel lacked the authority to award Miller attorneys' fees. Miller

5

argues that having obtained an unfavorable result, Walker cannot now complain that the panel exceeded its authority.

Walker responds that although the arbitration was brought under the FINRA rules, the AFA Agreement nevertheless controlled whether the panel could award attorneys' fees. Walker argues that the panel had no authority to award Miller attorneys' fees because he is not mentioned under the AFA Agreement's section IX(7) and because Miller was not a signatory to the AFA Agreement. Walker further contends that he did not authorize the panel to award Miller attorneys' fees by requesting that the panel award him attorneys' fees and that he challenged Miller's entitlement to an award of attorneys' fees.

We agree with Miller that the panel had the authority to award him attorneys' fees because (1) the parties submitted requests for attorneys' fees and (2) Walker never advised the panel that it lacked the authority to award Miller attorneys' fees.

## A.    Standard of review

Walker filed his petition under the FAA, and there is no dispute that it applies here. An appellate court reviews de novo a trial court's decision to vacate an arbitration award under the FAA. *White v. Siemens*, 369 S.W.3d 911, 914 (Tex. App.—Dallas 2012, no pet.). However, because of the strong policy favoring arbitration, judicial review of an arbitration award is "exceedingly

deferential." *BNSF Ry. Co. v. Alstom Transp., Inc.*, 777 F.3d 785, 787 (5th Cir. 2015).

**B.      Vacatur for exceeding authority**

An arbitration award must be confirmed unless it is vacated, modified, or corrected pursuant to one of the limited grounds set forth in sections 10 and 11 of the FAA.  *See* 9 U.S.C. § 9 (West 2009); *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586, 128 S. Ct. 1396, 1404 (2008).  One ground for vacatur is "where the arbitrators exceeded their powers."  9 U.S.C. § 10(a)(4) (West 2009).

It is well settled that arbitration is a "matter of contract" and that "the power and authority of arbitrators in an arbitration proceeding is dependent on the provisions under which the arbitrators were appointed."  *BNSF Ry. Co.*, 777 F.3d at 787–88 (quoting *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002)).  Thus, generally, an arbitrator exceeds his powers if he acts contrary to express contractual provisions.  *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012).

But it is equally settled that parties may expand an arbitrator's authority beyond that provided by their written agreement.  *OMG, L.P. v. Heritage Auctions, Inc.*, 612 F. App'x 207, 208 (5th Cir.), *cert. denied*, 1365 S. Ct. 503 (2015).  By submitting issues for an arbitrator's consideration, parties may agree to arbitrate disputes that they were not otherwise contractually compelled to arbitrate.  *Id.* at 210 (citing *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314,

7

1323 (5th Cir. 1994)); *see Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 711 (8th Cir. 2011) ("[T]he arbitrator may expand the scope of its review based on the issues the parties submit or the arguments they advance in the proceedings."); *Am. Postal Workers Union, AFL-CIO, Milwaukee Local v. Runyon*, 185 F.3d 832, 835 (7th Cir. 1999) ("[A]n arbitrator's authority is also limited by the actual issue submitted by the parties."); *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 824 (2nd Cir. 1997), *cert. denied*, 522 U.S. 1049 (1998) ("Our inquiry under § 10(a)(4) thus focuses on whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue.").

Attorneys' fees are no exception to this rule. *See, e.g.*, *Hollern v. Wachovia Sec., Inc.*, 458 F.3d 1169, 1173–74 (10th Cir. 2006) (holding that district court erred by vacating attorneys'-fees portion of arbitration award because parties submitted issue of attorneys' fees to arbitrators and did not challenge arbitrators' authority to award attorneys' fees); *Thomas v. Prudential Sec., Inc.*, 921 S.W.2d 847, 851 (Tex. App.—Austin 1996, no writ) (holding that "both parties' claims for attorney fees reflect their unified intention to authorize the panel's award of attorney fees").

## C.   The panel had the authority to award Miller attorneys' fees

The record demonstrates that both sides submitted written requests for attorneys' fees.  Miller sought attorneys' fees in his statement of claim, as did

8

Walker in his answering statement. Both sides also submitted a submission agreement, in which they each agreed to submit the matters contained in their pleadings to the arbitration panel. At the August 11, 2015 hearing, both sides submitted a written declaration or affidavit proving up their respective requests for attorneys' fees. In his affidavit, Walker's attorney not only acknowledged that both sides had requested attorneys' fees, but he even stated that the panel was authorized to award attorneys' fees:

> Respondent requests recovery of reasonable and necessary attorneys' fees in accordance with the FINRA Dispute Resolution Arbitrator's Guide, page 67, which states if all parties request or agree to such fees, then the Panel may award attorneys' fees. *Both parties requested attorneys' fees in this dispute, therefore this burden is met.* [Emphasis added.]

And under the heading "Relief Requested," the panel's award states that both sides requested attorneys' fees.

Further, before raising the matter in his petition to vacate, Walker never objected or otherwise advised the panel that it did not have the authority to award Miller attorneys' fees, either in his FINRA pleadings or before the panel. Regarding his pleadings, Walker contends that he "consistently argued during the arbitration that Miller had no right to any recovery." As support, he directs us to his first amended answering statement, in which he argued that "Miller has No Legal Right to Recover Any Damages," and to his prehearing brief, in which he asked the panel to "deny all of [Miller's] damages claims, deny [Miller's] request for attorneys' [f]ees, and award [him] damages." But Walker improperly conflates

9

his arguments and defenses challenging Miller's entitlement to prevail on the *merits* of his claims with an unrelated objection to the panel's *authority* to award Miller attorneys' fees. The two are very different. *See ConocoPhillips, Inc. v. Local 13-0555 United Steelworkers Int'l Union*, 741 F.3d 627, 630 (5th Cir. 2014) ("There are three types of disputes concerning arbitration: (1) the merits of the dispute; (2) whether the parties agreed to arbitrate the merits; and (3) who has 'the primary power to decide' whether the parties agreed to arbitrate the merits." (emphasis removed) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942, 115 S. Ct. 1920, 1923 (1995))).

As for Walker's conduct before the panel, at the outset of the August 11, 2015 hearing, when the Chairman notified the parties that the purpose of the hearing was to consider "damages, costs, and attorneys' fees," Walker did not object or otherwise notify the panel that it did not have the authority to award Miller attorneys' fees. Nor did Walker object when Miller testified about his attorneys' fees. At the conclusion of the hearing, when the Chairman asked the parties "[i]f there [were] any other issues or objections that either side need[ed] to raise with respect to the hearing today in connection with the Panel's deliberation -- or prior to the Panel's deliberation," Walker raised an issue, but it did not involve attorneys' fees. A party may not participate in arbitration without objecting to the arbitrator's authority to address a particular issue, only to challenge the arbitrator's authority to address the issue after obtaining an

10

unfavorable result. *Mantle v. Upper Deck Co.*, 956 F. Supp. 719, 735 (N.D. Tex. 1997); *see AGCO Corp. v. Anglin*, 216 F.3d 589, 593 (7th Cir. 2000) ("If a party willingly and without reservation allows an issue to be submitted to arbitration, he cannot await the outcome and then later argue that the arbitrator lacked authority to decide the matter.").

Walker argues that our opinion in *City of Arlington v. Kovacs*, 508 S.W.3d 472 (Tex. App.—Fort Worth 2015, pet. denied), supports his argument. It does not. The question in that case was "whether the arbitrator, in determining whether Kovacs violated the personnel rules as charged, exceeded his authority by relying on evidence of events that occurred after the City terminated Kovacs." *Id.* at 473. Unlike in this case, there was no contention that the parties, by their submissions, expanded the arbitrator's authority beyond the terms contained in the City's arbitration manual.

Citing only one inapposite authority[2] and ignoring the settled caselaw that we recited above, Walker argues that his request for attorneys' fees did not authorize the panel to award Miller attorneys' fees because only he, not Miller, had a right to recover fees under the AFA Agreement. Notwithstanding that we support our holding by also relying on Walker's failure to challenge the panel's authority, Walker overlooks that "the arbitrator's interpretation of the scope of the

---

[2]*In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228 (Tex. 2008) (orig. proceeding) (involving denial of motion to dismiss based on forum-selection clause).

11

issue submitted to him is to be treated with great deference" and "must be upheld so long as it is rationally derived from the parties' submission." *Bull HN Info. Sys., Inc. v. Hutson*, 229 F.3d 321, 332 (1st Cir. 2000) (citations omitted). In light of the parties' requests for attorneys' fees, and in the absence of any objection to the panel's authority to award attorneys' fees, the panel rationally could have concluded that it had the authority to award Miller attorneys' fees. *See id.*

Finally, we note that the Tenth Circuit has reasoned that "parties may extend [an arbitrator's authority to decide an issue] in their submissions to the arbitrators *so long as the submissions do not violate an express provision of the original arbitration agreement.*" *Hollern*, 458 F.3d at 1174 (emphasis added). *But see OMG, L.P.*, 612 F. App'x at 208 ("By submitting issues for an arbitrator's consideration, parties may expand an arbitrator's authority beyond that provided by the original arbitration agreement *such that we need not address whether the original agreement encompassed such authority.*" (emphasis added)). To the extent that Walker's argument can liberally be construed to implicate the Tenth Circuit's standard, our holding is not inconsistent with it. Even if we assumed that the arbitration was conducted under the AFA Agreement instead of by the FINRA rules, although the AFA Agreement did not expressly permit an award of attorneys' fees to an Independent Advisor like Miller, it also did not expressly prohibit such an award. As in any other instance in which parties deem a matter arbitrable via their submissions, the parties' submissions to the panel here

12

effectively amended the AFA Agreement to expressly authorize an award of attorneys' fees to Miller.[3]  *See Hollern*, 458 F.3d at 1174 ("Although the Option Account Agreement itself did not expressly permit an award of attorneys' fees, the parties' subsequent submissions to the arbitrators amended the original arbitration agreement to expressly authorize attorneys' fees.").

The trial court erred by vacating the attorneys'-fees portion of the arbitration award.  *See OMG, L.P.*, 612 F. App'x at 210; *Hollern*, 458 F.3d at 1173–74; *Thomas*, 921 S.W.2d at 851.  We sustain Miller's first issue.

## D.     We cannot modify or correct the award

Walker argues that if we reverse the trial court's judgment vacating the attorneys'-fees portion of the arbitration award, then we should modify the award by reducing it to $78,250.

A party may raise an independent ground for obtaining the same relief awarded in the judgment as a cross-point on appeal.  *City of Austin v. Whittington*, 384 S.W.3d 766, 789 (Tex. 2012).  But a party who seeks greater relief than what the trial court awarded in the judgment must file a notice of

---

[3]Insofar as the FINRA rules applied, those "rules explicitly contemplate that [a] Panel [may] award attorneys' fees" when "'all of the parties request . . . such fees.'"  *CF Global Trading, LLC v. Wassenaar*, No. 13 Civ. 766(KPF), 2013 WL 5538659, at *8 (S.D.N.Y. Oct. 8, 2013).  Also, unlike in his petition to vacate, Walker does not argue on appeal that the panel exceeded its authority by applying Texas law instead of Minnesota law.  Thus, Walker does not specifically contest Miller's assertion that civil practice and remedies code section 38.001 was a valid statutory basis to award him attorneys' fees.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2015).

appeal. *Id.*; *see* Tex. R. App. P. 25.1(c) ("The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause.").

Walker petitioned the trial court to vacate the attorney's-fees portion of the award or, alternatively, to modify or correct it. Walker prevailed on his petition to vacate, but the trial court denied all of the other relief that it did not expressly grant, including the petition to modify or correct. Thus, by asking us to modify or correct the arbitration award, Walker is seeking greater relief than what the trial court ordered. Consequently, he was required to file a separate notice of appeal. Because he did not do so, his cross-issue is not properly before us. *See City of Austin*, 384 S.W.3d at 789; *see also Valerus Compression Servs. v. Reeves Cty. Appraisal Dist.*, 478 S.W.3d 20, 32 n.7 (Tex. App.—El Paso 2015, pet. filed) (reasoning similarly on own facts).

## IV. MOTION FOR SANCTIONS

In his second issue, Miller argues that the trial court abused its discretion by denying his motion to sanction Walker under rule of civil procedure 13 for filing a frivolous, bad-faith petition to vacate the arbitration award.

Rule 13 authorizes a trial court to impose sanctions against an attorney, a represented party, or both who file a pleading that is groundless and brought in bad faith. Tex. R. Civ. P. 13. A pleading is groundless when it has no basis in law or fact and is not warranted by a good faith argument for the extension,

14

modification, or reversal of existing law. *Id.* Bad faith requires the conscious doing of a wrong for a dishonest, discriminatory, or malicious purpose; it is not simply bad judgment or negligence. *Elkins v. Stotts-Brown*, 103 S.W.3d 664, 669 (Tex. App.—Dallas 2003, no pet.). Courts presume that pleadings, motions, and other papers are filed in good faith, and the party moving for sanctions has the burden of overcoming this presumption. *GTE Commc'n Sys. Corp. v. Tanner*, 856 S.W.2d 725, 731 (Tex. 1993). We review a trial court's award or denial of sanctions for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007).

Presumably, the trial court denied Miller's motion for sanctions because it granted Walker's petition to vacate. Thus, from a practical perspective, the trial court did not abuse its discretion.

Nevertheless, we have concluded that the trial court erred by vacating the attorneys' fees. But even so, Walker's primary argument in response to Miller's first issue is that the attorneys'-fees portion of the award is inconsistent with the terms of the AFA Agreement. Parties in both state and federal courts throughout the country have raised similar arguments. Although we ultimately disagreed with Walker's argument, we cannot conclude that it has no basis in law or fact. We overrule Miller's second issue.

15

## V. CONCLUSION

Having sustained Miller's first issue, we reverse the part of the trial court's judgment vacating the attorneys'-fees portion of the arbitration award and render judgment confirming that portion of the award. We affirm the part of the trial court's judgment confirming the remainder of the arbitration award.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: WALKER, MEIER, and BIRDWELL, JJ.

DELIVERED: February 15, 2018

16